UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| TERRY McKANNAN, )<br>    Plaintiff, )<br> )<br>  vs. )<br> )<br>NATIONAL COUNCIL OF YOUNG )<br>MEN'S CHRISTIAN ASSOCIATIONS OF )<br>THE UNITED STATES OF AMERICA )<br>d/b/a YMCA OF THE USA, and WABASH )<br>VALLEY YOUTH IN ACTION, INC., )<br>formerly known as WABASH VALLEY )<br>YMCA, INC., and WABASH VALLEY )<br>COLLEGE FOUNDATION, individually, )<br>and d/b/a WABASH VALLEY COLLEGE, )<br>    Defendants. ) | | 3:10-cv-88-RLY-WGH |

**ENTRY ON DEFENDANT NATIONAL COUNCIL OF YOUNG MEN'S CHRISTIAN ASSOCIATIONS OF THE UNITED STATES OF AMERICA'S MOTION TO DISMISS AND PLAINTIFF'S ALTERNATIVE MOTION FOR TRANSFER PURSUANT TO 28 U.S.C. § 1406(a)**

On July 12, 2010, Plaintiff, Terry McKannan ("Plaintiff"), filed an Amended Complaint against Defendants National Council of Young Men's Christian Associations of the United States of America ("YMCA of the USA"), Wabash Valley Youth in Action, Inc., formerly known as Wabash Valley YMCA, Inc. ("Wabash Valley YMCA"), and Wabash Valley College Foundation ("Foundation"), alleging negligence on the part of Defendants regarding a pool facility where Plaintiff allegedly sustained an injury. YMCA of the USA moves to dismiss Plaintiff's Amended Complaint ("Complaint") for

1

lack of personal jurisdiction, or in the alternative, for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), respectively. If the court finds it does not have jurisdiction over YMCA of the USA or that venue is improper, Plaintiff moves in the alternative for transfer pursuant to 28 U.S.C. § 1406(a). For the reasons set forth below, YMCA of the USA's Motion to Dismiss is **GRANTED in PART** in that the court lacks personal jurisdiction and venue is improper, and **DENIED in PART** to the extent that YMCA of the USA seeks dismissal rather than transfer. Plaintiff's Motion to Transfer is **GRANTED**.

I. **Background**

At all times relevant to this action, YMCA of the USA and the Foundation, doing business as Wabash Valley College, were incorporated in the State of Illinois. (Complaint ¶¶ 1, 3; YMCA of the USA's Ex. A ("Boston Affidavit"), at ¶ 2). Plaintiff contends that YMCA of the USA does business in all fifty states, providing gymnasiums, workout, and pool facilities for use by the general public. (Complaint ¶ 1). Wabash Valley YMCA was located on the campus of Wabash Valley College in Mt. Carmel, Illinois. (Complaint ¶ 2). Plaintiff was a member of the Wabash Valley YMCA in Illinois, but was a resident of Francisco, Indiana. (Complaint ¶ 4). All Defendants allegedly advertised, solicited and encouraged residents of Indiana, including Plaintiff, to join as members of YMCA of the USA and Wabash Valley YMCA and its pool facility. (Complaint ¶ 2).

On July 15, 2008, Plaintiff was allegedly injured in the shower room of the

Wabash Valley YMCA's pool facility, located on the campus of Wabash Valley College, when the bench she was sitting on broke, causing her to fall to the floor. (Complaint ¶ 5). Plaintiff alleges that Wabash Valley YMCA, along with YMCA of the USA, owned, operated, and controlled the YMCA facility and pool. (Complaint ¶ 2). Plaintiff also claims that the Foundation owned, operated, leased, and/or maintained the pool facility, whose pool was used by, leased to, and/or operated by YMCA of the USA and Wabash Valley YMCA for use by its members. (Complaint ¶ 3).

On July 12, 2010, Plaintiff filed an Amended Complaint alleging negligence by Defendants in failing to inspect the premises to discover unreasonably dangerous and unsafe conditions of the shower bench, maintain the bench in a reasonably safe condition, warn Plaintiff of the condition of the bench, and provide Plaintiff a safe bench. (Complaint ¶ 6). This negligence allegedly caused the bench to break and Plaintiff to fall, which resulted in painful and permanent injuries to Plaintiff. (Complaint ¶¶ 6-7). Plaintiff requests full and adequate compensation for her injuries and damages, both past and future, her costs in this action, and all other just and proper relief. (Complaint 4). In response, YMCA of the USA filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2-3), claiming this court lacks personal jurisdiction and that venue is improper. (YMCA of the USA's Motion to Dismiss ("YMCA of the USA's Motion") 1). If the court finds it lacks personal jurisdiction or that venue is improper, Plaintiff moves for transfer under 28 U.S.C. 1406(a). (Plaintiff's Response ("Response") 7).

## II. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(2) requires the court to dismiss an action for lack of personal jurisdiction. FED. R. CIV. P. 12(b)(2). A plaintiff need not include facts alleging personal jurisdiction in the complaint. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). However, once the defense of lack of personal jurisdiction is raised under Rule 12(b)(2), the plaintiff has the burden of showing the existence of personal jurisdiction over the defendants. *Id*. at 714. If the challenge is based solely on written briefs, "the party asserting personal jurisdiction need only make out a *prima facie* case of personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). If the defendant has submitted evidence, such as affidavits in opposition, then the plaintiff "must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003). The plaintiff, however, is "entitled to have any conflicts in the affidavits (or supporting materials) resolved in his favor." *Id*.

The court is also required to dismiss an action for improper venue. FED. R. CIV. P. 12(b)(3). When a defendant challenges venue, the plaintiff bears the burden of proving that venue is proper. *Strategic Mgmt. Harmony, LLC v. Enhanced Business Reporting Consortium, Inc.*, 2007 WL 2316484, at *5 (S.D.Ind. Aug. 10, 2007) (quoting *Moore v. AT&T Latin Am. Corp.*, 177 F.Supp.2d 785, 788 (N.D.Ill. 2001) (citations omitted)). A court may consider facts beyond the complaint to determine whether venue is proper; however, "the court must resolve any factual conflicts in the parties' submissions in favor

4

of the plaintiff and draw any reasonable inferences from those facts in the plaintiff's favor." *Id.*

## III. Discussion

### A. Personal Jurisdiction

YMCA of the USA contends that this court lacks personal jurisdiction over it. A federal district court will have personal jurisdiction over a nonresident defendant sitting in diversity only if a court of the state in which the district court sits would have jurisdiction. *Purdue Research Found.*, 338 F.3d at 789; see also *Hyatt*, 302 F.3d at 713; *Steel Warehouse*, 154 F.3d at 714. Hence, the court will apply Indiana's standard for determining personal jurisdiction. Because Indiana has no statutory provision governing the permissible exercise of personal jurisdiction, the court turns to Indiana Trial Rule 4.4(A), which serves as Indiana's long-arm provision. Trial Rule 4.4(A) was amended, effective January 1, 2003, to read:

> (A) Acts Serving as a Basis for Jurisdiction. Any person or organization that is a nonresident of this State, a resident of this State who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or his or her agent:
>
> (1) doing any business in this state;
>
> . . . .
>
> In addition, a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States.

T.R. 4.4(A). The amended Trial Rule 4.4(A), as interpreted by the Indiana Supreme Court, "reduce[s] analysis of personal jurisdiction to the issue of whether exercise of personal jurisdiction is consistent with the Federal Due Process Clause." *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006). The enumerated acts of Trial Rule 4.4(A) serve as a "handy checklist" of factors that usually support a finding of personal jurisdiction, although the rule "does not serve as a limitation on the exercise of personal jurisdiction by a court in this state." *Id*. Therefore, the threshold issue before the court is whether the exercise of jurisdiction over YMCA of the USA comports with the federal Due Process Clause, which requires that before a state may exercise jurisdiction over a defendant, that defendant must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Depending on their nature, minimum contacts with the forum state create either general or specific jurisdiction over a nonresident defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 nn. 8-9 (1984). Here, Plaintiff asserts only general jurisdiction, requiring that the defendant's contacts with the state be "so 'continuous and systematic' that the defendant should reasonably anticipate being haled into the courts of that state for any matter...even in causes of action unrelated to the defendant's contacts with the forum state." *Linkamerica*, 857 N.E.2d at 967 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 n. 9 (1984)). If the

minimum contacts suffice to create general jurisdiction, "due process requires that the assertion of personal jurisdiction over the defendant is reasonable." *Id.* Plaintiff contends that although her claim does not arise from YMCA of the USA's contacts with Indiana, this court has general jurisdiction because YMCA of the USA conducts business in Indiana through its Indiana associations, maintains continuous and systematic contacts with Indiana, and purposely availed itself of the privilege of conducting activities in Indiana so that it could reasonably anticipate being haled into court here.

This district recognizes that the mere fact that a corporation "may have subsidiaries, franchisees or licensees in this state does not subject it to the jurisdiction of this state." *Oddi v. Mariner-Denver, Inc.*, 461 F.Supp. 306, 310 (S.D.Ind. 1978) (citations omitted). In *Oddi*, the plaintiff claimed she was injured while staying at a Holiday Inn in Denver, Colorado, whose owner operated it under a license or franchise agreement with Holiday Inn of America, Inc. *Id.* at 307. The lawsuit was filed in Indiana, even though the injury arose out of an act in Colorado and the franchisor resided in Tennessee. The court held that it had no jurisdiction over Holiday Inn of America, Inc., a Tennessee corporation, simply due to the presence of Holiday Inn franchisees in Indiana. *Id.* at 310.

Similarly, the Northern District of Illinois did not exercise jurisdiction over a worldwide hotel chain merely due to the existence of several of its franchises in Illinois. *Santora v. Starwood Hotel and Resorts Worldwide, Inc.*, 580 F.Supp.2d 694, 700 (N.D.Ill. 2008). As in *Oddi*, Santora suffered an injury at a hotel outside the forum state, and the

defendant hotel chain was not incorporated in the forum state. *Id.* at 697, 699. The chain did not exercise a greater than average degree of control over its franchises and did not conduct business in Illinois or possess any contacts other than receiving franchise fees. *Id.* The licensing of several franchises in Illinois did not qualify as systematic and continuous, nor was it a "sufficient enough connection to satisfy 'traditional notions of fair play and substantial justice;'" therefore, the national chain did not have proper warning that it may be haled into Illinois courts. *Id.* at 701.

Although Plaintiff in this case insists that YMCA of the USA meets the requirements for general jurisdiction in Indiana, the relationship between YMCA of the USA and its local associations is comparable to the relationship between the national hotel chains and local franchisees in *Oddi* and *Santora*. YMCA of the USA does not exercise greater than average control over its associations, as each is an autonomous corporation, and does not conduct business in Indiana or collect revenue royalties from its associations in the state. (Reply 3; YMCA of the USA's Ex. 1 at Art. II). In fact, Karyn Boston, Associate General Counsel for YMCA of the USA, testified that YMCA of the USA "has no control over, nor ability to operate, any local YMCA in this country, including the Wabash Valley YMCA" and "does not own, operate, manage, control, supervise or oversee in any way the operations of any local YMCA including the Wabash Valley YMCA, Inc., nor does it have a right to do so." (Boston Affidavit ¶¶ 2, 5). As the holdings in *Oddi* and *Santora* make clear, the simple fact that YMCA of the USA has local associations in Indiana does not subject it to the jurisdiction of this state. *See Oddi*,

8

461 F.Supp. at 310.

Plaintiff's reliance on *Everdry* and *Wesleyan* is misplaced, because the court in each of those cases performed a minimum contacts analysis of the nonresident defendants with respect to specific, rather than general, jurisdiction, which Plaintiff has already conceded does not apply in this case. *Everdry Marketing and Mgmt., Inc. v. Carter*, 885 N.E.2d 6, 12-13 (S.D.Ind. 2008); *Wesleyan Pension Fund, Inc. v. First Albany Corp.*, 964 F.Supp. 1255, 1259 (S.D.Ind. 1997). Furthermore, *Everdry* and *Wesleyan* are factually dissimilar from the case at hand. In *Everdry*, the franchisor "engaged in significant interaction with its Indiana franchisees and their customers, including termination of Indiana franchises, active recruitment of a potential Indianapolis franchisee, personal contact with Indiana consumers having service issues, and collection of fees and royalties from its Indiana franchisees;" accordingly, the court held that the franchisor had sufficient minimum contacts with Indiana. *Everdry*, 885 N.E.2d at 12-13. In *Wesleyan*, a parent corporation shared with its subsidiaries the same controlling shareholders, directors, and officers, not to mention the same telephone number and address; therefore, the subsidiaries' business contacts with Indiana were attributable to the parent. *Wesleyan*, 964 F.Supp. at 1262-64. Because YMCA of the USA does not engage in such significant interaction with its local associations, the court's exercise of personal jurisdiction over the defendants in *Everdry* and *Wesleyan* has no bearing on whether, in this case, this court has general personal jurisdiction over YMCA of the USA.

Still, Plaintiff claims that by allowing local associations throughout the United

States to use the YMCA name, logo and presence, and to offer Gold Membership access to any YMCA association, and by appearing in articles and publications nationwide, YMCA of the USA led Plaintiff to believe that the local associations were agents of the national organization and not separate entities. The mere use of the YMCA trademark or logo by local YMCAs does not suffice to demonstrate the existence of the requisite minimum contacts over YMCA of the USA. *See Gonzalez v. Walgreens Co.*, 878 F.2d 560, 561-62 (1st Cir. 1989) (holding that the mere use of the name "Walgreens" was not enough to assert jurisdiction over the out-of-state franchisor in a cause of action alleging the negligence of the franchisee). Moreover, Plaintiff overlooks the fact that the hotel franchisees in *Oddi* also used the national chain's name, yet the court still held that it lacked personal jurisdiction over the national chain. *Oddi*, 461 F.Supp. at 307. Regarding Gold Membership, Plaintiff does not refute YMCA of the USA's claim that it "does not participate in, promote, govern, or control, in any way, any 'Gold Membership' program." (Boston Affidavit ¶ 4). YMCA of the USA's Constitution and Bylaws specifically state that the associations are not the agents or representatives of the National Council or Board and have no "authority to commit or bind the National Council or its National Board." (YMCA of the USA's Ex. 1 at Art. II). Finally, Plaintiff refers to nationwide articles and publications through which she became familiar with the national YMCA, but YMCA of the USA should not reasonably anticipate being haled into the courts of Indiana for any matter simply due to this vague reference. Without more, Plaintiff's bare assertions regarding her perception of YMCA of the USA's relationship to

local associations have no bearing on a general jurisdiction minimum contacts analysis.

Because Plaintiff has not rebutted YMCA of the USA's evidence that the local associations are not agents of YMCA of the USA, Plaintiff's claim that Wabash Valley YMCA's contacts with Indiana are attributable to YMCA of the USA is irrelevant. Plaintiff has not shown that YMCA of the USA has systematic and continuous contacts with Indiana sufficient to establish general jurisdiction over it; therefore, this court lacks personal jurisdiction over YMCA of the USA.

**B.     Improper Venue**

In a civil action in which jurisdiction is founded solely on diversity, 28 U.S.C. § 1391(a) ("Section 1391(a)") states the proper venues as:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

A defendant corporation "resides" in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *Id.* at § 1391(c).

Because the court determined it lacks personal jurisdiction over YMCA of the USA, YMCA of the USA does not "reside" in Indiana. *See id.* Accordingly, venue is not proper in this district under Section 1391(a)(1), because all Defendants do not reside in Indiana. Section 1391(a)(2) does not apply, because all parties agree that the events

11

giving rise to the claims occurred in Illinois. Finally, regardless of whether or not the remaining defendants are subject to personal jurisdiction in this district, venue is improper under Section 1391(a)(3), because this action could have been brought in Illinois. Under Section 1391(a)(1), jurisdiction is proper in Illinois, because each Defendant admittedly resides in Illinois. (Wabash Valley Youth in Action's Original Motion to Dismiss 7; YMCA of the USA's Motion 9; Wabash Valley College Foundation's Motion to Dismiss 9).

Not all defendants reside in this district, and the action could have been brought in another district; therefore, venue in this district is improper.

### C. Transfer Pursuant to 28 U.S.C. § 1406(a)

Pursuant to 28 U.S.C. § 1406(a) ("Section 1406(a)"), Plaintiff requests transfer of this matter to a district in which it could have been brought. If venue is improper in the district in which a case is filed, the district court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The transferring court need not have personal jurisdiction over the defendants when operating under Section 1406(a). *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-66 (1962). Transfer rather than dismissal may be in the interests of justice if the plaintiff mistakenly filed suit in the wrong district and the statute of limitations has since run. *Farmer v. Levenson*, 79 Fed.Appx. 918, 922 (7th Cir. 2003) (citations omitted). On the other hand, transfer may be denied where the plaintiff "disregarded the 'elementary' issue of whether or not personal jurisdiction was proper."

*Carpenter-Lenski v. Ramsey*, 210 F.3d 374 (7th Cir. 2000) (citations omitted).

Here, the Illinois statute of limitations period for Plaintiff bringing a tort action against YMCA of the USA has run, and the parties agree that venue is proper in Illinois. Also, Plaintiff did not disregard whether or not personal jurisdiction was proper, considering Plaintiff stated what she believed was a basis for personal jurisdiction over each Defendant in her Complaint. (Complaint ¶¶ 1-2). Accordingly, the interests of justice call for the transfer of this case to the Southern District of Illinois.

## IV. Conclusion

Based on the foregoing reasons, YMCA of the USA's Motion to Dismiss (Docket # 30) is **GRANTED in PART** in that the court lacks personal jurisdiction and venue is improper, and **DENIED in PART** to the extent that YMCA of the USA seeks dismissal rather than transfer. Plaintiff's Motion to Transfer (Docket # 45) is **GRANTED**.

**SO ORDERED** this 8th day of November 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Sacha L. Armstrong
KIGHTLINGER & GRAY
sarmstrong@k-glaw.com

Thomas H. Bryan
FINE & HATFIELD
thb@fine-hatfield.com

David K. Robinson
dave@dkrobinsonlaw.com

Reed S. Schmitt
RHINE ERNEST, LLP
rschmitt@rhine-ernest.com

Elissa A. Shetler
FINE & HATFIELD
eas@fine-hatfield.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com